JOHN S. ISAACS, ET AL., *v.* JOHN S. MURPHY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—409.]

**Statute of Limitations as to Sureties.**

> Sureties on a bond executed in the course of a judicial proceeding are released by the statute of limitations after seven years from the time an action accrues thereon.

**Parties to a Suit to Recover Money Due an Intestate.**

> Personal representatives alone are authorized to sue for and recover money due an intestate; and it is only where it is alleged that there is no executor or administrator that heirs or descendants may sue or receive such money.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

November 18, 1880.

OPINION BY JUDGE PRYOR:

These causes will be heard together, as the same question is involved in each. The bond having been executed in the course of a judicial proceeding, the statute of seven years released the sureties as was heretofore decided by this court on a former appeal. On the return of the cause the appellants enedavored to avoid the effect of the statute by a reply, alleging that they were non-residents of the state, some, of them married women and others infants at the time the cause of action accrued.

They also alleged that they were in ignorance of their rights, and

this fact was concealed from them by the commissioners whose sureties are now the appellees, and sought to be made liable. The failure of the commissioner to inform the appellants of the action . pending, or the nature of their rights, cannot be regarded as fraudulent on his part, or such a concealment of facts as would affect his sureties. At the death of Mrs. Givens, her next of kin or those entitled to represent her should have appeared in the action, and whether infants, *feme coverts* or non-residents, it was no part of the duty of the commissioner to make them parties to the action, or to inform them of their right to money or property, as they must be presumed, so far as these sureties are concerned, to have possessed all the knowledge necessary to enable them to enforce their respective claims.

We take it for granted, however, that a demand by these appellants of the commissioner would not have authorized a payment of the money, or effected a release of the sureties, in an action by the personal representative of the intestate, Mrs. Givens. The latter died after the termination of the action, or rather after the land had been sold, the report of sale confirmed and a distribution ordered. What right, then, had these appellants to receive the money? It is not alleged that they or any of them are the administrators of the intestate, and we regard it as well settled that the personal representative alone could have received the money in such a case. It is not alleged that there was no executor or administrator, nor any reason given why an action was not instituted, except the fact that these appellants were non-residents and some of them infants.

The married women and their husbands could have brought an action, and whether the infants could or not, it is plain that the reply is defective when in the ordinary course of distribution this money must have passed through the hands of the administrator before reaching the pockets of the distributee. It may be that this money has been paid to her representative, and this court has no right to presume to the contrary. Subsec. 5, Art. 6, Chap. 71, Gen. Stat., provides that the limitation shall not apply to so much of the time elapsed when there was no administrator, etc., or other person authorized to sue.

Now why could not an executor or administrator have brought the action? The response may be that none qualified, and if so the

facts must appear in your reply to make it a good one, the cause of action, if appellants have any, depending upon such an averment.

The judgment below is therefore *affirmed*.

*W. H. Miller, for appellants.   T. P. Hill, for appellees.*